**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Brandon Lukens, ) ) Plaintiff, ) ) v. ) ) Bison, Inc., and Plax, Inc., d/b/a SMS ) Sportsworld, ) ) Defendants. ) ) | Case No.: 5:23-cv-03882-MGL **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** |

 Plaintiff Brandon Lukens submits this Reply in Support of his Motion to Remand to State Court.  As set forth below, Defendant Bison, Inc., ("Bison") has abandoned its original asserted basis for removal – "sham defendant" – and now argues an equally meritless basis for removal, which this Court has clearly and repeatedly rejected as improper procedural gamesmanship – "snap removal."  This case must be remanded because, respectfully, this federal Court lacks subject matter jurisdiction over the dispute.

**Background**

 On July 5, 2023, Plaintiff filed this products liability action in the Court of Common Pleas for Orangeburg County.  Plaintiff served Defendant Bison, Inc., ("Bison") on July 19, 2023.  On August 7, 2023, before Plaintiff was able to serve Co-Defendant Plax, Inc., ("Plax") Bison removed the case to this Court under the assertion that Plax was a "sham defendant."  ECF 1.

 On September 6, 2023, Plaintiff timely filed a Motion to Remand to State Court, explaining why Plax was not a "sham defendant" and the difficulties Plaintiff had faced in effecting service on Plax due to the death of its President and registered agent for service.  ECF 14.  On September 15, 2023, Bison filed a Response in Opposition in which it abandoned its "sham defendant"

1

argument and set forth new grounds for removal – "snap removal" – under which an out-of-state defendant removes a case to federal court before an in-state defendant is served. ECF 21. However, as set forth below, this Court has consistently held that "snap removal" is improper gamesmanship that contravenes the legislative intent of 28 U.S.C. § 1441(b)(2), and, as such, has unwaveringly granted motions to remand where removal was based on these grounds.

## Argument

**I.     This Court has repeatedly rejected "snap removal" as an improper basis for removal and, as such, has consistently remanded "snap removed" cases to state court.**

In its Response, Bison incorrectly argues that "snap removal" is a well-accepted basis for removing a case to federal court in this circuit.[1] It is not. This Court and other U.S. District Courts in the Fourth Circuit have repeatedly and expressly rejected "snap removal" as procedural "gamesmanship" in contravention of the legislative intent of the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2). *See, e.g.*, *Sutton v. Adams*, 4:23-cv-01063-JD, 2023 WL 5498118, at *2-*3 (D.S.C. Aug. 25, 2023) (refusing to permit "snap removal" "because doing so 'produces an outcome that is demonstrably at odds with clearly expressed congressional intent,' and furthermore may lead to an 'absurd' result."); *Kickin' Chicken, LLC v. TFD, Inc.*, 9:22-cv-00013-RMG, 2022 WL 682403, at *2-*3 (D.S.C. Mar. 4, 2022) (holding snap removal "is contrary to congressional intent and creates absurd results" and "the propriety of removal in [such] case is doubtful"); *Turtle Factory Bldg. Corp. v. McGrath Real Estate Holdings, LLC*, 2:20-cv-03099-RMG, 2021 WL 688697, at *2-*3 (D.S.C. Jan. 28, 2021) (same); *In re Lipitor (Atorvastatin Calcium) Marketing,*

---

[1] As noted below, Bison miscites *Doe 305 v. Richter*, 2:22-cv-02940-RMG, 2023 WL 3964052 (D.S.C. June 12, 2023) for the proposition that this Court has permitted "snap removal." *See* Resp. in Opp. p. 4. This is incorrect. In *Doe 305*, this Court expressly rejected "snap removal," noting – as it has repeatedly – that "the propriety of [such] removal . . . is doubtful," and remanded the case to state court. *Id.*

*Sales Practices & Prod. Liab. Litig.*, 2:14-mn-02502-RMG, 2016 WL 7338594 (D.S.C. Nov. 16, 2016) (same); *Wensil v. E.I. Dupont De Nemours & Co.*, 792 F. Supp. 447, 448 (D.S.C. 1992) ("Section 1441(b) does not permit a non-resident defendant to remove an action to federal court before the resident defendant is served, if joinder of the resident defendant defeats diversity jurisdiction"; "Thus, courts have refused to permit removal under Section 1441(b), when the complaint reveals that complete diversity is lacking."; denying remand because *complete* diversity existed); *Workman v. Nat'l Supaflu Sys., Inc.*, 676 F. Supp. 690 (D.S.C. 1987) (holding "in a nonseparable controversy involving a resident defendant, fact that resident defendant has not been served with process does not justify removal by nonresident defendant") (citing *Pullman v. Jenkins*, 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939))); *Phillips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548 (S.D.W. Va. 2015) (discussing split of authority and holding removal by unserved forum defendants is barred by forum-defendant rule, at least when all defendants are residents of forum state); *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002) (noting that removability cannot rationally turn on the timing or sequence of service of process.). Notably, Bison does not cite any of these cases in its response brief.

Indeed, the undersigned could find only two opinions from this Court that supports Bison's contention that "snap removal" is permitted in this forum, **one of which still remanded the case after the in-state defendant had been served, pursuant to 28 U.S.C. § 1447(e)**. See *Kisner v. Medtronic, Inc.*, 2:21-cv-01767-DCN, 2021 WL 4690979, at *2-*3 (D.S.C. Oct. 7, 2021) (remanding once in-state defendant was served); *Fisher v. Pelstring*, 4:09-252-TLW-TER, 2009 WL 10664813 (D.S.C. Sept. 29, 2009). Again, Bison does not cite the *Kisner* opinion in its brief. Thus, since the single isolated *Fisher v. Pelstring* opinion in 2009, this Court has repeatedly held

3

either that: (i) "snap removal" is not a permitted basis for removing a case to this Court absent complete diveristy; or (ii) if "snap removal" is permitted, a federal court is still required to remand a case, pursuant to 28 U.S.C. § 1447(e), once the in-state defendant is served.

Perhaps most on point, in *Turtle Factory Building Corporation v. McGrath Real Estate Holdings, LLC*, 2021 WL 688697, this Court expressly rejected "snap removal" as improper and remanded the case to state court. In that case, the plaintiff sued a forum defendant and an out-of-state defendant in South Carolina state court. 2021 WL 688697, at *1. After the plaintiff had served the foreign defendant, but before it served the in-state defendant, the foreign defendant "snap removed" the case, asserting that, pursuant to 28 U.S.C. § 1331(a), complete diversity existed between the parties in interest at the time of removal, and that removal did not violate 28 U.S.C. § 1441(b)(2), because the in-state defendant had not yet been served. *Id.* The plaintiff filed a motion to remand, arguing that 28 U.S.C. § 1441(b)(2), barred removal on the basis of diversity jurisdiction because one of the defendants was a citizen of South Carolina. *Id.*

On review, the Court (J. Gergel) concluded that "snap removal" and its necessary "literal application of § 1441(b)(2) is contrary to congressional intent and creates absurd results." *Id.* at *3. The Court recognized that § 1441(b)(2) – which reads: "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought" – was intended to prevent gamesmanship by plaintiffs from joining forum defendants merely to preclude federal jurisdiction. *Id.* The Court correspondingly recognized that to read the rule "to allow preservice removal, . . . would provide an incentive for defendants to employ gamesmanship by racing to remove newly filed actions, which would stand in contrast to the purpose behind the inclusion of the language to prevent gamesmanship." *Id.* (citing *Goodwin v. Reynolds*, 757 F.3d

4

1216, 1221 (11th Cir. 2014); *Phillips Constructions, LLC, v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 553 (S.D.W. Va. 2015); *Little v. Wyndham v. Worldwide Ops., Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017) (finding based on statutory scheme "permitting pre-service removals when a forum defendant is sued runs counter to the reasons underlying the forum-defendant rule and is not a result that Congress could have envisioned . . . when it enacted the rule to protect out of state defendants from local juries."). Thus, the Court held that "snap removal" was improper and remanded the action to state court. *Id.*

As noted above, *Turtle Factory Building Corporation* is only one of several instances in which this Court rejected "snap removal." The Court has employed the same reasoning and reached the same conclusion in *Kickin' Chicken, LLC v. TFD, Inc.*, No. 9:22-cv-00013-RMG, 2022 WL 682403 (D.S.C. Mar. 4, 2022) and *Doe 305 v. Richter*, 2023 WL 3964052 (D.S.C. June 12, 2023). *Cf. Bell v. Georgia-Pacific Wood Prods, LLC*, No. 2:21-cv-01474-MBS, 2022 WL 1498292, at *3 (D.S.C. May 12, 2022) (noting "gamesmanship" in the context of a defendant who prematurely seeks to remove a case before forum defendants are properly served with a complaint).

Concerningly, Bison argues that an opinion of this Court – *Doe 305 v. Richter*, No. 2:22-cv-02940-RMG, 2023 WL 3964052 (D.S.C. June 12, 2023) – supports its argument, despite the Court unambiguously rejecting "snap removal" as improper and granting the plaintiff's motion to remand in that case. *See* Resp. in Opp. p. 4 (citing *Doe 305* as support for the assertion that "In some instances of 'snap removal,' this analysis and application has led to successful removal by a forum defendant simply because the notice of removal was filed as soon as the Summons and Complaint were filed, but before service of the same could be affected (sic) upon an otherwise non-diverse defendant.").

A plain reading of *Doe 305* and the above-cited cases demonstrates that this Court has consistently rejected "snap removal" and has repeatedly and consistently remanded such cases to state court. The Court should do the same here. However, even if the Court is inclined to consider "snap removal" as an appropriate basis for removal in this case, as it did in *Kinser v. Medtronic, Inc.*, 2:21-cv-01767-DCN, 2021 WL 4690979, the fact that in-state Defendant Plax has now been served requires the Court to remand part or all of this case, pursuant to 28 U.S.C. § 1447(e). *See Kisner*, 2:21-cv-01767-DCN, 2021 WL 4690979, at *2-*3.

II. **The Court should award Plaintiff his just costs and expenses incurred as a result of Bison's objectively improper removal.**

Bison removed this case without a good faith basis for doing so, in violation of Rule 11, Fed. R. Civ. P. Bison originally asserted in its Notice of Removal, without any basis, that forum-defendant Plax was a "sham defendant." It abandoned that argument when faced with the indisputable fact that Plax is a proper defendant. Bison now asserts that it actually removed the case based on "snap removal." Bison has not only "moved the target" by changing its argument, it also incorrectly asserts "snap removal" is recognized as a viable basis for removal to this Court, despite the Court having consistently rejecting "snap removal" as improper. Bison's removal was objectively improper from the start and has now snowballed into Bison misrepresenting the law in a desperate attempt to improperly keep this case in federal court, despite there being no viable basis for the Court to exercise subject matter jurisdiction over this dispute.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The Fourth Circuit has held that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where is finds such awards appropriate. *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). The Supreme Court has held that "[a]bsent unusual circumstances, courts may

6

award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 (2005).

Bison should be required to pay Plaintiff's costs and actual expenses, including Plaintiff's attorney's fees, incurred as a result of Bison's improper removal of this case, because Bison's ever-changing bases for removing this case were objectively meritless and unreasonable from the start. There was never any basis for Bison to assert Plax was a "sham defendant." Now, Bison asserts "snap removal" was the basis for its removal – despite even cursory research showing that this Court has repeatedly rejected "snap removal." At best, Bison misunderstood the law. At worst, Bison has violated Rule 11, Fed. R. Civ. P. Bison's gamesmanship and its improper and patently unreasonable basis for removal has caused Plaintiff to unnecessarily incur costs and fees and has delayed the progress of this case. This is precisely the type of conduct that an award of fees and costs is intended to deter. Accordingly, Plaintiff requests the Court award Plaintiff his costs and actual expenses, including attorney's fees, incurred in bringing this Motion to Remand.

## Conclusion

Bison, having apparently abandoned its "sham defendant" argument as the basis for removal, has moved on to a new meritless ground for removal – "snap removal." This Court has consistently held that "snap removal" is an improper effort to game the law governing the federal court system's subject matter jurisdiction and, as such, has unwaveringly granted motions to remand where "snap removal" was asserted as the basis for removal. That is precisely the case here, where Bison "snap removed" this case before Plaintiff had served the forum Defendant, Plax. Accordingly, Plaintiff requests the Court grant his Motion to Remand to State Court.

WILLIAMS & WILLIAMS
David R. Williams
david@williamsattys.com
1281 Russell Street
P.O. Box 1084
Orangeburg, SC 29116

and

PARKER LAW GROUP, LLP

By: s/Austin H. Crosby
Ronnie L. Crosby
Fed. Bar #: 6311
Austin H. Crosby
Fed. Bar #: 11536
101 Mulberry St. East
Hampton, S.C. 29924
rcrosby@parkerlawgroupsc.com
acrosby@parkerlawgroupsc.com

October 30, 2023
Hampton, South Carolina