IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Brandon Lukens, ) | Case No. 5:23-cv-03882-JDA |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| Bison, Inc.; Plax, Inc. ) d/b/a SMS Sportsworld, ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's motion to remand. [Doc. 14.] Defendant Bison, Inc. ("Bison") filed a response, Plaintiff filed a reply, and Bison filed a sur reply.[1]  [Docs. 21; 28; 29.]  This motion is ripe for review.

## BACKGROUND

On July 5, 2023, Plaintiff filed this action in the Orangeburg County Court of Common Pleas, alleging that Plaintiff suffered injuries from a defective adjustable-height basketball goal (the "Goal") when Plaintiff was attempting to adjust its height. [Doc. 1-1.] The Goal had been designed, manufactured, and distributed by Bison and sold by Defendant Plax, Inc. d/b/a SMS Sportsworld ("Plax"). [*Id.* ¶¶ 2, 8.] Plaintiff alleges claims against both Defendants for negligence, strict liability, and breach of warranty. [*Id.* ¶¶ 24–28.]

Plaintiff is a citizen of South Carolina. [*Id.* ¶ 1.] Bison is a business incorporated under the laws of Nebraska with its principal place of business located in Nebraska. [*Id.*

---

[1] The Local Rules do not provide for sur-reply memoranda and Bison did not seek this Court's leave to file its sur reply.  The Court nevertheless has considered the memorandum.

¶ 3; Doc. 1 ¶ 2.]  Plax is a business organized under the laws of South Carolina with its principal place of business in South Carolina.  [Doc. 1-1 ¶ 3.]  Richard B. Sheridan was the president and registered agent of Plax from its incorporation in 1971 until it ceased to operate in May 2023.  [Doc. 1 ¶ 2.]  In addition to serving as Plax's registered agent, Sheridan was its sole owner and officer at all times relevant to this action and up until his death on July 6, 2023.  [*Id.*]

On August 7, 2023, Bison filed a notice of removal on the basis of diversity jurisdiction.  [Doc. 1.]  Bison noted that Plaintiff's counsel had alleged that the amount in controversy exceeds $75,000 due to the injuries Plaintiff suffered as a result of the incident giving rise to the Complaint.  [*Id.* ¶ 4.]  Bison also represented that service had been effected on Bison via certified mail on July 19, 2023 but, upon information and belief, Plaintiff had not yet attempted service upon Plax.  [*Id.* ¶ 1.]  Although Plax and Plaintiff are both citizens of South Carolina, Bison asserted that Plax's inclusion in the suit did not prevent removal based on diversity of citizenship.  [*Id.* ¶ 2.]  Bison contended that Plax's citizenship should be disregarded because "[a]s there is no owner, officer, agent, or employee of [Plax] upon whom service may be [e]ffected, . . . Plaintiff has included [Plax] as a 'sham defendant' for the purpose of defeating otherwise complete diversity.  Furthermore, as service upon [Plax], as a non-diverse or 'forum' defendant has not been made and *cannot* be made as required by 28 U.S.C. § 1446(b)(2), removal by [Bison] is proper."  [*Id.*]

Following removal, Plaintiff filed a motion to remand.  [Doc. 14.]  In his motion, Plaintiff contends that Bison's removal was improper and objectively unreasonable because Plax is a viable defendant and Plaintiff could effectuate service upon Plax in

2

accordance with South Carolina law. [*Id.*] Plaintiff argues that removal was improper because there was not complete diversity, including for purposes of removal. [*Id.* at 4–5.] Plaintiff contends that lack of service upon Plax has no bearing on whether there is complete diversity. [*Id.* at 5.] Plaintiff also maintains that Bison's contention that Plax's presence in the action does not destroy diversity because Plax is a "sham defendant" is wholly without basis insofar as Plax could be sued, properly served, and held liable for the injuries alleged in this action. [*Id.* at 5–14.]

In its response opposing the motion to remand, Bison shifts gears. Bison does not seek to defend its original allegation that Plax's citizenship should not be considered for diversity purposes because Plax was fraudulently joined. [Doc. 21.] Instead, Bison maintains that "removal of this action — *prior to proper service and joinder* of [Plax] — meets a 'plain meaning' analysis of 28 U.S.C. § 1441(b)(2) and satisfies the purpose and intent of diversity jurisdiction, the 'forum defendant rule,' and Congress' inclusion of a service and joinder requirement in § 1441(b)(2)." [Doc. 21 at 1.] Bison indicates that this case is simply an example of "the practice of 'snap removal,' whereby a defendant removes the matter to federal court after the case has been filed but before service on a forum defendant can be perfected." [*Id.* at 3.]

On reply, Plaintiff argues that this Court has "repeatedly and expressly rejected 'snap removal' as procedural 'gamesmanship' in contravention of the legislative intent of the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2)." [Doc. 28 at 2; *see id.* at 2–6 (collecting cases).] Plaintiff notes that his counsel "could find only two opinions from this Court that support[] Bison's contention that 'snap removal' is permitted in this forum, one of which still remanded the case after the in-state defendant had been served,

3

pursuant to 28 U.S.C. § 1447(e)." [*Id.* at 3 (emphasis omitted).] Plaintiff also requests an award under 28 U.S.C. § 1447(c) of just costs and expenses incurred as a result of what he describes as "Bison's objectively improper removal." [*Id.* at 6.]

In its sur reply, Bison defends its assertion that "'snap removal' has been permitted within the District Court and Fourth Circuit where Congressional intent was not offended by the application of a plain language interpretation of 28 U.S.C. § 1441(b)(2)." [Doc. 29 at 1–2.] Bison also maintains that, at the time of the filing of the sur reply, Plax still had not been properly served.[2] [*Id.* at 2.]

## DISCUSSION

**Motion to Remand**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). A defendant may remove a case to federal court if the court would have had original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). Generally, federal district courts have original jurisdiction over two types of cases, referred to as (1) federal question cases, pursuant to 28 U.S.C. § 1331, and (2) diversity cases, pursuant to 28 U.S.C. § 1332. As noted, this case was removed on the basis of diversity jurisdiction. [Doc. 1.] Diversity jurisdiction requires (1) complete diversity of the parties and (2) an amount in controversy in excess of $75,000.00. *See* 28 U.S.C. § 1332(a). The parties are completely diverse only if no

---

[2] This Court subsequently granted a motion filed by Plaintiff to allow service upon Plax by publication and Plaintiff filed an affidavit representing that such service was accomplished. [Docs. 30; 32; 33; 36.]

4

party on one side is a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

Remand of a case to state court following removal is governed by 28 U.S.C. §1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

It is undisputed that Plaintiff and Plax are both citizens of South Carolina. [Doc. 1-1 ¶¶ 1, 3.] However, Bison argues that Plax's citizenship did not defeat diversity jurisdiction for removal purposes because Plax had not been served at the time of removal. [Doc. 21.] Bison is incorrect.

"[S]ervice does not matter in evaluating the diversity of the parties." *M&B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1108 (8th Cir. 2023) (holding that case was improperly removed when one plaintiff and one defendant were citizens of the same state even though the non-diverse defendant had not been served at the time of removal); *see Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939) ("[W]here a non-separable controversy involves a resident defendant[,] . . . the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."). Rather, a state action is removable to federal court under 28 U.S.C. § 1441 only if original jurisdiction is "ascertainable from the face of the complaint." *Hunter Douglas Inc. v. Sheet Metal Workers Int'l Ass'n Local 159*, 714 F.2d 342, 345 (4th Cir. 1983). In this case,

5

because one plaintiff and one defendant are citizens of the same state, there is no "original jurisdiction," and thus this case is not one that could be removed to federal court.[3] 28 U.S.C. § 1441(a).

In arguing that this case was removable, Bison contends that, by operation of 28 U.S.C. § 1441(b)(2), the fact that Plax had not been served at the time of removal prevented Plax's inclusion in the suit from destroying diversity. [Doc. 21.] However, Bison's argument misses the mark. 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Bison argues that this statute does not prevent removal here because although Plax is a citizen of the State in which the action is brought, Plax was not properly joined and served as a defendant at the time of removal. [Doc. 21.]

This argument overlooks how § 1441(b)(2) works; namely, it comes into play only if the action is "otherwise removable." For cases meeting this first, original-jurisdictional requirement, § 1441(b)(2) adds a second requirement for removability, that being that the case is not one in which "any of the parties in interest properly joined and served as

---

[3] As noted, in its notice of removal, Bison asserted that Plax's citizenship should not be considered for purposes of determining diversity because Plax had been included as a sham defendant. [Doc. 1.] However, Plaintiff has thoroughly explained why Plax is not a sham defendant [Doc. 14 at 5–14], and Bison has now abandoned the issue by not responding to Plaintiff's arguments regarding why Plax is not a sham defendant, *see Ford v. Asham*, No. 5:23-04719-MGL, 2024 WL 340788, at *2 (D.S.C. Jan. 30, 2024) ("[A]lthough Defendants' notice of removal lists federal question as an alternative basis for removal, they failed to address it in their response to [the plaintiff's] motion [to remand]. The Court thus determines they have abandoned this argument.").

defendants is a citizen of the State in which such action is brought."[4]  Stated another way, § 1441(b)(2) "*adds* [to the original-jurisdiction requirement] a further limitation based on the citizenship of the defendant."  *M&B Oil, Inc.*, 66 F.4th at 1110.  "It does not *subtract* the requirement that the parties be completely diverse."  *Id.*; *see Mikhasenak ex rel. Mikhasenak v. Knight*, No. 4:20-cv-04169-JD, 2022 WL 331232, at *1 (D.S.C. Jan. 3, 2022) ("'Section 1441(b) does not qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." (internal quotation marks omitted)), *appeal dismissed,* 2022 WL 18586806 (4th Cir. Mar. 14, 2022); *Robertson v. S.C. Dep't of Corr.*, No. 5:19-cv-3166-MGL-KDW, 2019 WL 7605815, at *2 n.2 (D.S.C. Dec. 19, 2019) (holding that because there was no complete diversity, the forum-defendant rule was not applicable), *Report and Recommendation adopted by* 2020 WL 303681 (D.S.C. Jan. 21, 2020); *In re Lipitor (Atorvastatin Calcium) Marketing, Sales Pracs. & Prods. Liab. Litig.*, MDL No. 2:14-mn-02502-RMG, 2016 WL 7644792, at *6 (D.S.C. Nov. 28, 2016) ("By its own terms the [forum-defendant] rule only applies where diversity jurisdiction exists."); *Wensil v. E.I. Dupont De Nemours & Co.*, 792 F. Supp. 447, 448 (D.S.C. 1992) ("Section 1441(b) does not permit a non-resident defendant to remove an action to federal court before the resident defendant is served, if joinder of the resident defendant defeats diversity jurisdiction."); *Workman v. Nat'l Supaflu Sys., Inc.*, 676 F. Supp. 690, 693 (D.S.C. 1987) ("[I]n a diversity case, the fact that a

---

[4] This second requirement in § 1441(b)(2) is known as "the forum-defendant rule." *E.g., Kickin' Chicken, LLC v. TFD, Inc.*, No. 9:22-cv-00013-RMG, 2022 WL 682403, at *2 (D.S.C. Mar. 4, 2022) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, the forum-defendant rule confines removal based on diversity jurisdiction to instances where no defendant is a citizen of the forum state.").

7

resident defendant in a non-separable controversy has not been served does not justify removal by the non-resident defendant.").[5]  Accordingly, 28 U.S.C. § 1441(b) does not change the fact that this case was not removable because there was no complete diversity.

**Plaintiff's Request for Costs and Fees**

As noted, in its reply in support of its motion to remand, Plaintiff requested an award of costs and fees based on Bison's allegedly improper removal.[6]  [Doc. 28 at 6.] Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005).  In other words, "the standard for awarding fees should turn on the reasonableness of the removal."  *Id.* at 141.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

---

[5] The Court notes that in cases—unlike this one—in which there is complete diversity, there is a split of authority regarding whether "the plain meaning of § 1441(b)(2)'s 'properly joined as served' language [permits] pre-service removal when a forum defendant is sued."  *Kickin' Chicken*, 2022 WL 682403, at *2 (collecting cases).

[6] Section 1447(c) does not prohibit a district court from deciding the issue of costs and fees, even in the absence of a request for such an award.  *Moore v. Tech. Props. Ltd., LLC*, No. C 10-04, 2011 WL 13244878, at *2 (N.D. Cal. Apr. 12, 2011).

Here, the Court concludes that Bison did not seek to remove the case "for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140. Rather, the Court finds Bison's actions were done in good faith and it had an objectively reasonable basis for removal. *See id.* As to the latter point, the Court notes that as recently as 2021, this Court in *Kisner v. Medtronic, Inc.*, No. 2:21-cv-01767-DCN, 2021 WL 4690979 (D.S.C. Oct. 7, 2021), rejected an argument that removal was rendered improper based on a lack of diversity jurisdiction on circumstances essentially identical to those in this case. *See id.* at *2–3*. Although Bison did not cite *Kisner* in this case, and the Court does not adopt its analysis, the Court concludes that *Kisner* lends sufficient support to Bison's argument regarding the propriety of removal that the Court cannot say that there was no objective basis for removal here.

## **CONCLUSION**

Based on the above, Plaintiff's motion to remand [Doc. 14] is GRANTED and this action is REMANDED to the Orangeburg County Court of Common Pleas.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

Columbia, South Carolina
March 13, 2024